Electronically Filed
Supreme Court
SCPW-17-0000739
22-DEC-2017
09:01 AM

SCPW-17-0000739

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

RANDALL ABE, Petitioner,

vs.

THE HONORABLE PAULA DEVENS, Per Diem Judge of the
District Court of the First Circuit,
State of Hawai'i, Respondent Judge,

and

STATE OF HAWAI'I, Respondent.

ORIGINAL PROCEEDING
(CASE NO. 1DCW-17-0003781)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner Randall Abe seeks a writ of mandamus directing the Honorable Paula Devens (Judge Devens) to release him from custody forthwith pursuant to the requirement that a defendant be released upon motion if a preliminary hearing has not commenced within two days of the defendant's initial appearance. See Hawai'i Rules of Penal Procedure (HRPP) Rule 5(c)(3) (2014).

On October 11, 2017, Abe was arrested for terroristic threatening in the first degree and assault in the second degree. On October 13, 2017, a complaint charging Abe with the offenses for which he was arrested was filed in the District Court of the First Circuit (district court).

A preliminary hearing was scheduled for October 17, 2017. At the scheduled hearing, the State requested to continue the hearing for one week, explaining that the complaining witness had not been served with a subpoena. The State indicated that the complaining witness had been in contact with its investigator and that it had no information that the complaining witness was not cooperative. The State added that the complaining witness lives in low-income housing in Kapolei and thus transportation may be an issue. Abe objected to the requested continuance, arguing that there was no good cause for the continuance given that the complaining witness had been in contact with the State's investigator. Abe requested that the matter be dismissed and that Abe be released on his own recognizance forthwith. In the alternative, Abe requested that bail be reduced or that, if the court was inclined to continue, the hearing be continued for no more than one day.

The district court found that there was good cause for a continuance and continued the hearing for one week; the court also denied Abe's request for reduction of bail. On October 24,

2017, while this petition was pending, the State charged Abe by grand jury indictment.

In his petition, Abe contends that, pursuant to HRPP Rule 5(c)(3), Judge Devens was required to release him on his own recognizance upon his request because a preliminary hearing did not commence within two days after his initial appearance. HRPP Rule 5(c)(3) provides in relevant part as follows:

> if the defendant is held in custody for a period of more than 2 days after initial appearance without commencement of a defendant's preliminary hearing, the court, on motion of the defendant, shall release the defendant to appear on the defendant's own recognizance, unless failure of such determination or commencement is caused by the request, action or condition of the defendant, or occurred with the defendant's consent, or is attributable to such compelling fact or circumstance which would preclude such determination or commencement within the prescribed period, or unless such compelling fact or circumstance would render such release to be against the interest of justice.

In Moana v. Wong, No. SCPW-17-0000532, 2017 WL 5591471, at *8-10 (Haw. Nov. 21, 2017), we held that HRPP Rule 5(c)(3) provides a strong presumption that the release of a defendant held in custody is required upon motion, when a preliminary hearing has not commenced within two days of initial appearance. When a delay is not caused by a defendant and occurs without the defendant's consent, a court may deny a defendant's motion for release only in a circumstance that is of such gravity as to overcome the strong presumption of release. Id. If such a compelling circumstance is found, the continuance of the

preliminary hearing must be no longer than needed to resolve the circumstance making the delay necessary.  Id.

Based on Moana, the record does not indicate that any compelling fact or circumstance was implicated in Abe's case. And even if there was a compelling fact or circumstance, the continuance was not limited to the time necessary to expeditiously resolve the circumstance precluding the hearing. However, because Abe was charged by grand jury indictment during the pendency of this petition, which obviates the need for a preliminary hearing, the petition is moot.  See id. at *3-5. Accordingly,

IT IS HEREBY ORDERED that Abe's petition is denied.

DATED: Honolulu, Hawai'i, December 22, 2017.

| | |
|---|---|
| James S. Tabe<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Patricia Kickland<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

